IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| STEVEN GREGORY JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7:21cv00576 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| STEVE CLEAR, *et al.*, | ) | By:   Hon. Thomas T. Cullen |
| | ) |       United States District Judge |
| Defendants. | ) | |

Plaintiff Steven Gregory Jackson, a Virginia inmate proceeding *pro se,* filed this civil action under 42 U.S.C. § 1983, against Steve Clear, Dr. Large, Dr. Holbert, Serrina Scott, and Ryan Parks, alleging that he was denied adequate medical treatment. Having reviewed Jackson's amended complaint, the court concludes that Jackson fails to state a cognizable federal claim against the named defendants. Therefore, the court will dismiss Jackson's amended complaint. *See* 28 U.S.C. § 1915A(b)(1).

I.

Jackson alleges that, while he was housed at the Southwest Virginia Regional Jail Duffield facility, he requested COVID-19 testing and prescription eyeglasses. Jackson states that his request for COVID-19 testing was denied and that he has been told for eight months that his prescription eyeglasses were ordered. It appears that Jackson has yet to receive the eyeglasses. As relief, Jackson seeks transfer to a Virginia Department of Corrections facility and $100,000.

Despite being advised that his original complaint failed to allege sufficient facts against the defendants and being directed to amend his complaint, Jackson still does not describe how

defendants Steve Clear, Dr. Large, Dr. Holbert, Serrina Scott, or Ryan Parks acted, or failed to act, in violation of his federal rights. In fact, their names appear only in the caption of Jackson's complaint.

## II.

To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988). "While a court must accept the material facts alleged in the complaint as true, statements of bare legal conclusions 'are not entitled to the assumption of truth' and are insufficient to state a claim." *Aziz v. Alcolac, Inc.*, 658 F.3d 388, 391 (4th Cir. 2011) (citation omitted).

To state a cognizable Eighth Amendment claim for denial of medical care, a plaintiff must allege facts sufficient to demonstrate that an official was deliberately indifferent to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976); *Conner v. Donnelly*, 42 F.3d 220, 222 (4th Cir. 1994); *Staples v. Va. Dep't of Corr.*, 904 F. Supp. 487, 492 (E.D. Va. 1995). A prison official is "deliberately indifferent" only if he or she "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (U.S. 1994). A claim concerning a disagreement between an inmate and a doctor regarding diagnosis or course of treatment does not implicate the Eighth Amendment. *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985); *Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975); *Harris v. Murray*, 761 F. Supp. 409, 414 (E.D. Va. 1990). In fact, "many acts or omissions that would constitute medical malpractice will not rise to the level of deliberate indifference." *Jackson v. Lightsey*, 775 F.3d

170, 178 (4th Cir. 2014). An "error of judgment" on the part of prison medical staff or "inadvertent failure to provide adequate medical care," while perhaps sufficient to support an action for malpractice, does not constitute a constitutional deprivation redressable under § 1983. *Boyce v. Alizaduh*, 595 F.2d 948, 953 (4th Cir. 1979), *abrogated on other grounds by Neitzke v. Williams*, 490 U.S. 319 (1989). Mere negligence does not constitute deliberate indifference; rather, a prison official must both be aware of the facts from which the inference could be drawn that a substantial risk of harm exists and must draw the inference. *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998); *see also Farmer*, 511 U.S. at 837. The prison official's conduct must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness. *Militier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990).

Jackson has not alleged sufficient facts for the court to determine that any of the named defendants were deliberately indifferent to any serious medical need. Despite being given the opportunity to amend his complaint, Jackson has failed to allege facts against or conduct committed by the named defendants. Therefore, the court concludes that Jackson's amended complaint fails to state a cognizable federal claim against the named defendants.

### III.

For the reasons stated, the court will dismiss Jackson's amended complaint without prejudice under 28 U.S.C. § 1915A(b)(1).

- 4 -

The clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to Jackson.

**ENTERED** this 6th day of January, 2022.

/s/ Thomas T. Cullen
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE

- 4 -